**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1111**

———————————

In re: GREGORY K. CLINTON,

      Petitioner.

———————————

On Petition for Writ of Mandamus to the United States District Court for the Northern District of West Virginia, at Martinsburg.  (3:17-cr-000005-GMG-RWT-1)

———————————

Submitted:  May 4, 2026                    Decided:  July 30, 2026

———————————

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Gregory K. Clinton, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Clinton petitions for a writ of mandamus ordering the district court to docket and rule on his motion for compassionate release. The district court refused to file Clinton's motion, treating it as barred by a prefiling injunction entered against Clinton in 2022 in response to ongoing frivolous and vexatious litigation conduct. We agree with Clinton that his motion for compassionate release is not barred by the district court's injunction, but we deny his mandamus petition because he has not satisfied all the requirements for this extraordinary remedy.

Mandamus is a drastic remedy that should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Courts grant mandamus only when the petitioner shows that (1) he has "no other adequate means to attain" the requested relief, (2) he has a "clear and indisputable" right to that relief, and (3) issuance of the writ would be "appropriate under the circumstances," *In re Murphy-Brown*, 907 F.3d at 795 – including whether, "at the discretion of the [] court," "equitable principles" and "the interest of justice" favor issuing a writ, *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999).

The prefiling injunction issued against Clinton enjoined him, pursuant to 28 U.S.C. § 1915A, from filing additional "complaints" or "petitions" in the district court without either full payment of the relevant filing fees or an affidavit from an attorney attesting that the filing had a "good-faith basis for venue" there. Am. Order, *In Re: Pro Se Litigant Gregory K. Clinton*, 1:22-mc-00049-TSK, ECF No. 3 (N.D.W. Va. Dec. 14, 2022). But

2

Clinton's motion for compassionate release was not a new complaint or petition and had no associated filing fee. Moreover, while § 1915A – the authority under which the injunction was entered – applies to "*civil* action[s]," 28 U.S.C. § 1915A(a) (emphasis added), Clinton's compassionate release motion was filed in his closed *criminal* case. By its plain terms, the prefiling injunction did not bar the filing of his motion.

But Clinton has not shown that the equities and interests of justice favor the extraordinary remedy of mandamus relief. First, there is Clinton's years-long abuse of the court system, which included frivolous lawsuits and veiled threats against the district court judge, prosecutors, and court employees. Given that conduct, Clinton does not come to us with "clean hands." *See United States ex rel. Turner v. Fisher*, 222 U.S. 204, 209 (1911). Second, the district court has stated that it reviewed Clinton's motion, found it without merit, and would deny it if filed. Under these circumstances, taken together, we cannot say that granting Clinton's petition would "effect right and justice." *Oncology Assocs.*, 198 F.3d at 511.

For the foregoing reasons, we deny Clinton's petition for a writ of mandamus.

*PETITION DENIED*

3